UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL F., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-01964-SEB-TAB |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S REQUEST FOR REMAND**

**I.   Introduction**

Plaintiff Michael F. appeals the Social Security Administration's denial of his application for disability insurance benefits. Plaintiff's sole argument on appeal is that the Administrative Law Judge should have adopted all of the limitations suggested by two of his doctors. In making this argument, Plaintiff cites to old medical opinion regulations that no longer apply to claims filed after March 27, 2017. Moreover, Plaintiff does not cite any support for the omitted limitations beyond checkbox forms from the providers and his own hearing testimony. The ALJ considered this evidence and explained that she did not find it persuasive due to the inconsistencies with the rest of the record—including some of the examination findings from the very physicians Plaintiff argues the ALJ should have followed. Thus, Plaintiff's request for remand should be denied. [Filing No. 14.]

**II.     Background**

Plaintiff notes in his brief on appeal that on July 6, 2015, he suffered a life-altering injury as a performance artist that gave rise to his application for SSA benefits. Plaintiff worked as a performance artist, performing acts of "fire eating, fire breathing, and other fire flow arts." [Filing No. 14, at ECF p. 5 (internal quotation marks omitted).] In November 2018, Plaintiff filed a Title II application for disability insurance benefits and Title XVI application for supplemental security income, alleging disability beginning on October 20, 2017. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. Before reaching step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2022. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 20, 2017, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: type 1 diabetes mellitus with polyneuropathy, bilateral non-proliferative diabetic retinopathy, diabetic macular edema, periodic limb movement disorder, and major depressive disorder. [Filing No. 11-2, at ECF p. 15.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or his remaining ability to work despite his limitations. The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> [Plaintiff] can occasionally climb ramps and stairs, but cannot climb ladders, ropes or scaffolds; can occasionally stoop, kneel, crawl, and crouch; Must avoid exposure to unprotected heights, and hazardous machinery, and must avoid balancing on narrow, slippery, or moving surfaces. [Plaintiff] can frequently finger and handle bilaterally. He can perform simple, routine tasks; make simple, work-related decisions; and adapt to occasionally [sic] work place changes.

[Filing No. 11-2, at ECF p. 17.]

At step four, the ALJ concluded that Plaintiff had no past relevant work. The ALJ also noted that on the alleged disability onset date Plaintiff was 30 years old—a younger individual. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC before concluding that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including packer, sorter, and assembler. [Filing No. 11-2, at ECF p. 21.] Accordingly, the ALJ concluded that Plaintiff was not disabled.

### III.  Discussion

Plaintiff's sole argument on appeal is that the ALJ erred by failing to consider "the impact of certain impairments on [Plaintiff]'s functional limitations" in finding the opinions of Plaintiff's treating specialist physicians unpersuasive. [Filing No. 14, at ECF p. 14.] The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

Plaintiff argues that the ALJ should have considered the impact of specific impairments noted by two of Plaintiff's treating specialist physicians, neurologist Dr. Craig Herrman, and endocrinologist Dr. Moazzam Habib. [Filing No. 14, at ECF p. 14.] Plaintiff argues that the ALJ was required to give good reasons for discounting the opinions from Plaintiff's "treating sources" and that the ALJ should have given these opinions controlling weight under the treating source rule. [Filing No. 14, at ECF p. 18-19.]

As an initial matter, the Court notes that Plaintiff improperly cites and relies on outdated medical opinion regulations and case law regarding the "treating physician" rule that no longer applies to claims filed on or after March 27, 2017. Plaintiff filed his claim in November 2018, after the new regulations took effect. *See* 20 C.F.R. § 404.1520c (new regulation applies to claims filed on or after March 27, 2017). Thus, Plaintiff's case is governed by the new regulations. The Commissioner's response sets forth a brief revision history of the regulations and notes that the changes significantly altered how the agency considers medical opinions and prior administrative filings, as reflected in the regulations that now apply to claims filed after March 27, 2017. [Filing No. 16, at ECF p. 10.] In evaluating claims filed on March 27, 2017, or later, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). In addition, the regulations no longer mandate particularized procedures that the adjudicator must follow in considering opinions from treating sources. *Compare* 20 C.F.R. § 1527(c)(2) *with* 20 C.F.R. § 404.1520c(b). Rather, the ALJ now focuses on the persuasiveness of the medical opinion(s) and need only explain how she considered the supportability of an opinion and its consistency with the evidence. 20 C.F.R. § 404.1520c(b)(2).

Plaintiff's counsel did not even attempt to acknowledge this error in his reply brief. [Filing No. 17.] Since Plaintiff relies on outdated regulations and case law, Plaintiff's brief provides little to no support for the arguments Plaintiff has raised on appeal. Nevertheless, even viewed under the proper standard, Plaintiff's arguments fall short. The ALJ reasonably considered all the medical opinions and prior administrative medical findings in the record.

In relation to Plaintiff's endocrinologist, Dr. Habib, the ALJ found his opinion was not consistent with the record. [Filing No. 11-2, at ECF p. 19.] The ALJ found unpersuasive Dr. Habib's opinion that Plaintiff is limited to sedentary to light exertion, requires use of a cane, would likely miss more than four days of work per month, and is incapable of even loss stress jobs. [Filing No. 11-2, at ECF p. 19.] The ALJ specifically addressed that Dr. Habib's opinion that Plaintiff would require a cane was not supported by the evidence in the record, despite Plaintiff's testimony that he used a cane. The ALJ pointed out that the evaluations from two separate consultative examinations with other physicians did not support the need for a cane. Both exams showed Plaintiff had a normal, stable gait and could walk on bilateral heels and toes, stand on either leg alone, and perform a partial squat maneuver without difficulty. [Filing No. 11-2, at ECF p. 19.] Both consultative exams also found Plaintiff had full (5/5) motor strength as well. Thus, the ALJ reasonably concluded that Plaintiff did not require a cane.

In addition, Dr. Habib's clinical observations contradict his assessment of extreme functional limitations. For instance, at multiple exams, Dr. Habib found that Plaintiff retained full (5/5) strength in all muscle groups, had a normal gait, intact movements and sensation, normal deep tendon reflexes, and no edema in his extremities. [Filing No. 11-7, at ECF p. 291-94; Filing No. 11-8, at ECF p. 177-78.] Dr. Habib also routinely noted Plaintiff's reports that Lyrica significantly improved his diabetic neuropathy symptoms. [Filing No. 11-7, at ECF p.

152, 155, 294; Filing No. 11-8, at ECF p. 178, 277.] Thus, Dr. Habib's opinion was not consistent with or supported by his own treatment notes.

The ALJ also found the opinion of Plaintiff's neurologist, Dr. Herrman, unpersuasive. As noted in the ALJ's decision, Dr. Herrman opined that Plaintiff was limited to light to sedentary work, was incapable of low stress jobs, and would miss more than four days of work per month. [Filing No. 11-2, at ECF p. 20.] The ALJ explained that she found this assessment unpersuasive in light of its inconsistency with the medical evidence of record. The ALJ particularly noted that the finding that Plaintiff was unable to handle even low-stress work was at odds with the evidence showing he did not regularly treat his mental health conditions and reported that the medication he got from his primary care physician was helpful. [Filing No. 11-2, at ECF p. 20.] The ALJ also noted that Plaintiff reported he can complete his personal care needs and activities of daily living independently.

In addition, the ALJ pointed out that Dr. Herrman's opinion was at odds with the opinion of consultative psychologist Dr. Michael O'Brien. The ALJ found Dr. O'Brien's opinion persuasive. [Filing No. 11-2, at ECF p. 20.] Dr. O'Brien concluded that Plaintiff was able to understand, remember, and carry out simple directions and focus and concentrate well enough to carry out simple tasks. [Filing No. 11-8, at ECF p. 88.] While Plaintiff vaguely takes issue with the ALJ's discussion of Dr. O'Brien's opinion, Plaintiff makes no argument regarding the evaluation of Plaintiff's mental impairments or the ALJ's findings regarding her mental RFC determination. Rather, Plaintiff focuses on the opinions of Dr. Habib and Dr. Herrman and the limitations they assessed regarding his physical impairments.

Finally, the ALJ simply noted that Plaintiff's mental status or psychiatric examinations throughout the record were normal—further evidence that Dr. Herrman's opinion was

6

inconsistent with and unsupported by the record. Plaintiff cites to no treatment records from Dr. Habib, Dr. Herrman, or anywhere in the record, to support the extreme limitations they assessed. Plaintiff references the "many times in the medical record" that his doctors noted his complaints of pain, yet he only cites to the hearing transcript. [Filing No. 14, at ECF p. 18.] Similarly, Plaintiff claims that the ALJ completely ignored "the plethora of symptoms and treatments as described in the medical records from all of [Plaintiff]'s treating physicians in her assessment of this case[,]" but Plaintiff again fails to cite any support for this assertion. [Filing No. 14, at ECF P. 19.] Plaintiff's statement of facts does not even include a detailed summary of the treatment records. [Filing No. 14, at ECF p. 5-7.] Instead, Plaintiff listed his diagnoses without record citations, named his doctors and their specialties, and then briefly provided a narrative summary of what each physician treated him for, while again failing to cite to the record.

      The ALJ's decision reflects proper consideration of both Plaintiff's subjective allegations and the medical opinions, and contains explanations and analysis supported by substantial evidence. The ALJ reasonably found the opinions of Dr. Habib and Dr. Herrman unpersuasive in light of the other evidence in the record. To the extent Plaintiff cites his subjective allegations or diagnoses as support for his argument that the ALJ erred, neither is sufficient to establish disability, particularly where, as here, the ALJ explained why Plaintiff's statements should not be fully credited. *See, e.g., Anderson v. Sullivan*, 925 F.2d 220, 222 (7th Cir. 1991) (mere diagnosis of nervousness did not prove disability). The ALJ reasonably found Plaintiff's statements to be inconsistent with the record. The ALJ noted that while Plaintiff alleged disability partly based on problems with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and stair climbing, the record did not support these claims. [Filing No. 11-2, at ECF p. 17-19.]

The ALJ referenced Plaintiff's February 2019 consultative exam with Dr. Moore, who found that Plaintiff had full strength throughout and a normal neurological exam. [Filing No. 11-8, at ECF p. 93.] In addition, the ALJ discussed a number of the treatment records from Dr. Habib, and his observations that Plaintiff had significant improvement with Lyrica for his neuropathy and consistently finding on exam full (5/5) strength throughout, intact movements and sensation, no edema, and a normal gait. [Filing No. 11-2, at ECF p. 18.] For all of these reasons, Plaintiff's request for remand [Filing No. 14] should be denied.

### IV. Conclusion

The ALJ reasonably concluded that the opinions of Dr. Habib and Dr. Herrman were unpersuasive. Because the ALJ's findings were supported by substantial evidence, Plaintiff's request for remand should be denied. [Filing No. 14.] Any objection to the magistrate judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 5/4/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email