UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL F.,[1]     )
           )
    Plaintiff,   )
           )
    v.      )   No. 1:21-cv-01964-SEB-TAB
           )
KILOLO KIJAKAZI,   )
           )
    Defendant.  )

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant

Commissioner of Social Security ("Commissioner") finding Plaintiff Michael F. not

entitled to disability insurance benefits and supplemental security income based on his

applications filed on November 1, 2018.  This case was referred to Magistrate Judge

Baker for consideration.  On May 4, 2022, Magistrate Judge Baker issued a report and

recommendation that the Commissioner's decision be upheld because it was supported by

substantial evidence and was otherwise in accord with the law.  This cause is now before

the Court on Plaintiff's Objections to the Magistrate Judge's Report and

Recommendation.

**<u>Standard of Review</u>**

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the
recommendation of the Court Administration and Case Management Committee of the
Administrative Office of the United States courts, the Southern District of Indiana has opted to
use only the first name and last initial of non-governmental parties in its Social Security judicial
review opinions.

We review the Commissioner's termination of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the decision of the Administrative Law Judge ("ALJ"), we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

2

raised by a party.  *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

### Discussion[2]

Plaintiff Michael F. filed for disability on November 1, 2018, alleging that he could no longer work because of various physical and psychological impairments, including type 1 diabetes mellitus with polyneuropathy, bilateral non-proliferative diabetic retinopathy, diabetic macular edema, periodic limb movement disorder, and major depressive disorder, all of which the ALJ found to be severe at step two of the sequential evaluation process. The ALJ ultimately determined at step five of the sequential analysis that considering Plaintiff's age (30 on the alleged disability onset date), education, work experience, and residual functional capacity (RFC), there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including packer, sorter, and assembler.  Accordingly, the ALJ concluded that Plaintiff was not disabled.  In this appeal, Plaintiff alleges that the ALJ erred by failing to consider "the impact of certain impairments on [Plaintiff]'s functional limitations" in finding the opinions of Plaintiff's treating specialist physicians—neurologist Moazzam Habib, M.D. and endocrinologist Craig Herrman, M.D.—unpersuasive and not incorporating all the limitations they identified in Plaintiff's RFC.  Dkt. 14 at 14.

---

[2] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here.  Specific facts relevant to the Court's disposition of this case are discussed below.

In Magistrate Judge Baker's Report and Recommendation, he addressed Plaintiff's arguments, noting that much of Plaintiff's analysis relied on outdated medical opinion regulations and case law regarding the "treating physician" rule that no longer applies to claims—such as Plaintiff's—which are filed on or after March 27, 2017, ultimately finding that the ALJ did in fact consider the opinions of Plaintiff's treating physicians that Plaintiff claims were ignored, and reasonably concluded that those opinions were unpersuasive. Accordingly, Magistrate Judge Baker found that substantial evidence supports the ALJ's opinion and that remand is therefore not warranted.

Plaintiff objects to the Magistrate Judge's conclusion that the agency's RFC assessment was free of legal error, on grounds that the Magistrate Judge: (1) was improperly dismissive of the residual functional questionnaires completed by Dr. Habib and Mr. Herrmann that indicated Plaintiff was substantially more limited than the ALJ's RFC reflected; (2) failed to consider that the opinions expressed in those forms were consistent with Plaintiff's counsel's cross-examination of the agency's vocational expert; and (3) improperly relied on the ALJ's fact-finding which was "incomplete or slanted in favor of the agency." Dkt. 19 at 4. We address these objections in turn below.

Although Plaintiff takes issue with the Magistrate Judge's characterization of the residual functional questionnaires completed by Dr. Habib and Dr. Herrman as "checkbox forms," he offers no substantive objection to the Magistrate Judge's well-reasoned conclusion that the ALJ properly considered these forms, and that substantial evidence supports the ALJ's decision to discount the opinions reflected therein as being inconsistent with the other objective medical evidence in the record. Plaintiff's objection

4

in essence simply asks us to reweigh the medical evidence and reach a different conclusion than the ALJ. However, it is beyond the court's purview to do so on judicial review. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999) ("Because the Commissioner is responsible for weighing the evidence, resolving conflicts, and making independent findings of fact …, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled.") (citations omitted).

We understand Plaintiff next to argue that it was error for neither the ALJ nor the Magistrate Judge to recognize that Plaintiff's counsel's cross-examination of the vocational expert elicited testimony consistent with a finding of disability. However, as Plaintiff concedes, those questions were "drawn from [Dr. Habib's and Dr. Herrman's] residual questionnaires" and thus incorporated limitations subsequently rejected by the ALJ, which rejection we have found was supported by substantial evidence. Dkt. 19 at 3. Accordingly, there is no error in the failure on the part of the ALJ or the Magistrate Judge to rely on testimony given in response to hypotheticals that included limitations not ultimately supported by the medical evidence.

Finally, Plaintiff argues that the Magistrate Judge erred to the extent that he "referenced the lack of witness testimony from anyone other than Plaintiff, as apparently demonstrating the weakness in [Plaintiff's] case," because in reaching this conclusion, the Magistrate Judge relied on the ALJ's "incomplete" and "slanted" fact finding. *Id.* at 4. In support of this argument, Plaintiff cites the ALJ's "arbitrary" decision not to allow Plaintiff to present testimony from other witnesses at the hearing because the ALJ

believed such testimony would constitute "bolstering." *Id.* Plaintiff further claims that in

weighing his testimony, the ALJ improperly relied solely on the testimony he provided in

response to the ALJ's direct questioning and ignored clarifications he made in response to

follow-up questions posed by his counsel. *Id.*

Initially, we note that Plaintiff's objection to the Magistrate Judge's Report and

Recommendation appears to be the first time Plaintiff has raised the issue of an

incomplete factual record. Moreover, beyond the conclusory statement that the ALJ

"acted arbitrarily" in declining Plaintiff's offer to present an additional fact witness at the

hearing,[3] Plaintiff does not otherwise develop this argument. As such, we consider it

waived. *See United States v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010) (recognizing that

failing to develop an argument in any meaningful way waives that argument); *United*

---

[3] As far as we are aware, this was the extent of the exchange between the ALJ and Plaintiff's counsel regarding additional witness testimony at the hearing:

ALJ: Anything further, counsel?

ATTY: Yes, judge. … I do have the woman who's been living with [Plaintiff] for several years here to also testify if you want further testimony into the difficulties he has at home.

ALJ: Counsel, he seems to be able to describe what his symptoms are and what his day to day is like. I'm not sure that we need another person –

ATTY: Okay –

ALJ: Because that would just – bolstering.

ATTY: Sure, sure. No, I'm fine with that.

Dkt. 11-2 at 156.

*States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived.").

Plaintiff's contention that the Magistrate Judge erred by relying on the ALJ's "slanted" fact finding is equally unavailing.  As the Magistrate Judge recognized, the ALJ did not ignore portions of Plaintiff's testimony, but instead properly considered that testimony, "explained why Plaintiff's statements should not be fully credited," and "reasonably found Plaintiff's statements to be inconsistent with the record."  Dkt. 18 at 7. While the ALJ may not have cited every statement made by Plaintiff, "[a]n ALJ need not specifically address every piece of evidence," as long as she provides "a 'logical bridge' between the evidence and [her] conclusions."  *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citations omitted).  The ALJ's explanations and analysis here provided the required "logical bridge" for her conclusions, which are supported by substantial evidence from the medical records.  Accordingly, there is no basis for remand on these grounds.

Thus, having reviewed *de novo* the Magistrate Judge's analysis and conclusions, we hold, for the same reasons set forth in his report, with which we entirely concur and hereby adopt both as to the cited authorities and related analysis, that none of the assignments of error raised by Plaintiff meets the standard required to justify remand. Accordingly, we find that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge lack merit.  Therefore, Plaintiff's objections are <u>OVERRULED</u>, and the recommendations set forth in the Magistrate Judge's Report and Recommendation and

hereby adopted in their entirety.  Final judgment shall enter in favor of Defendant and

against Plaintiff.

      IT IS SO ORDERED.


Date: _____8/26/2022_____         _____

                                                SARAH EVANS BARKER, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distribution:

Howard N. Bernstein
THE LAW OFFICE OF HOWARD N. BERNSTEIN, LLC
hbernstein210@comcast.net

Catherine L. Gibbons
SOCIAL SECURITY ADMINISTRATION
catherine.gibbons@ssa.gov

Alison T. Schwartz
SOCIAL SECURITY ADMINISTRATION
alison.schwartz@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov